IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI RAVENSCROFT GEARE and ROBERT J. CASEY, II, Derivatively for the Benefit of HOSPIRA, INC., <br><br>              Plaintiffs, <br><br>     v. <br><br> CHRISTOPHER B. BEGLEY, F. MICHAEL BALL, THOMAS E. WERNER, IRVING W. BAILEY, II, JACQUE J. SOKOLOV, BARBARA L. BOWLES, ROGER W. HALE, JOHN C. STALEY, CONNIE R. CURRAN, HEINO VON PRONDZYNSKI, MARK F. WHEELER, TERRENCE C. KEARNEY, RONALD A. MATRICARIA, and BRIAN J. SMITH, <br><br>              Defendants, <br>    –and– <br><br> HOSPIRA, INC., a Delaware corporation, <br><br>           Nominal Defendant. | Case No.  11-cv-09074 (JJT) |

## FINAL ORDER AND JUDGMENT

WHEREAS, this Court having considered the Stipulation of Settlement dated November 3, 2014, and its exhibits (the "Stipulation") between: (a) Lori Ravenscroft Geare and Robert J. Casey, II ("Illinois Plaintiffs") and the International Union of Operating Engineers Pension Plan of Eastern Pennsylvania and Delaware ("Delaware Plaintiff") (collectively, "Plaintiffs"); (b) nominal defendant Hospira, Inc. ("Hospira" or the "Company"); and (c) Christopher B. Begley, F. Michael Ball, Thomas E. Werner, Irving W. Bailey, II, Jacque J. Sokolov, Barbara L. Bowles, Roger W. Hale, John C. Staley, Connie R. Curran, Heino von Prondzynski, Mark F. Wheeler, Terrence C. Kearney, Ronald A. Matricaria, and Brian J. Smith (collectively, the "Individual Defendants," and collectively with Hospira, the "Defendants"), and having held a hearing on January 23, 2015 (the "Settlement Hearing"), and having considered all papers filed and proceedings herein, and otherwise being fully informed, and good cause appearing therefor;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     The Court finds that Hospira and Plaintiffs' Counsel caused notice to be made in the manner required by the Preliminary Approval Order. The form and manner of the notice given is hereby determined to have been reasonably calculated, under the circumstances, to provide adequate notice to Hospira Shareholders of the terms of the Settlement, and their right to object to the Stipulation and to appear at the Settlement Hearing, in compliance with Federal Rule of Civil Procedure 23.1(c).

2.     The Court finds, in accordance with Federal Rule of Civil Procedure 23.1(c), that the Stipulation provides a fair, reasonable, and adequate resolution of the Action, and is in the best interests of Hospira. Further, no objections to the Stipulation have been raised.

Accordingly, the Court hereby approves the settlement of the Action as set forth in the Stipulation and directs the implementation thereof.

3.    In connection with the settlement of the Action, the Court approves (i) the agreed-to fee and expense amount of $2.3 million for Illinois Plaintiffs' Counsel and $330,000 for Delaware Plaintiff's Counsel; and (ii) the agreed-to incentive award amount of $3,000 per Plaintiff for Plaintiffs' efforts in the Actions, which amount shall be paid by each Plaintiff's Counsel out of the fee and expense amount approved herein.

4.    This Action is hereby dismissed with prejudice, with each side to bear its own costs and expenses, except as set forth in paragraph 3. Any pending motions are denied as moot.

5.    Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed with prejudice the Released Claims against the Released Parties; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

6.    Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever settled, released, discharged, extinguished, and dismissed, with prejudice, all claims (including Unknown Claims), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims against Plaintiffs and Plaintiffs' Counsel; provided, however, that such release shall not affect any claims to enforce the terms of the Stipulation or the Settlement.

7.    Neither the Stipulation, nor any of its terms or provisions, nor any document referred to therein, nor the exhibits thereto, nor this Judgment, nor the fact of the Settlement, nor

any action taken to carry out the Stipulation or the Settlement, is, may be construed as, or may be used as, evidence of the validity of any claim or as an admission by or against any of the Released Parties of any fault, wrongdoing, or concession of liability whatsoever. The Settlement and the Stipulation, and any and all negotiations, documents, and discussions associated therewith, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of equity or of any liability or wrongdoing by the Released Parties whatsoever, or of the truth of any of the claims or allegations made against any of Defendants in the Actions.

8.    As used in this Judgment, the following terms have the meanings specified below:

A.    "Action" means the consolidated derivative action captioned, *Casey v. Begley*, Case No. 11-cv-09074 (JJT), pending in the U.S. District Court for the Northern District of Illinois. "Actions" means the Action together with the verified shareholder derivative action captioned, *International Union of Operating Engineers Pension Plan of Eastern Pennsylvania and Delaware v. Begley*, C.A. No. 9926-VCP, pending in the Court of Chancery of the State of Delaware.

B.    "Effective Date" means the first date by which all of the following events and conditions have been met and have occurred:

(a)    Court approval of the Settlement;

(b)    entry of this Judgment in this Action;

(c)    payment to Plaintiffs' Counsel of the Fee and Expense Amount approved by the Court;

(d)    this Judgment becoming Final; and

(e)    dismissal of the Delaware Action with prejudice.

- 3 -

C.    "Final" means when the last of the following shall occur: (i) the time to file a motion to alter or amend this Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal this Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit this Judgment to remain in force unaltered. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with this Judgment, but shall not include any appeal that concerns only the issue of attorneys' fees and expenses or Incentive Award.

D.    "Hospira Shareholder" means, for purposes of the Stipulation, any Person who owned Hospira common stock as of November 3, 2014, the execution Date of the Stipulation and who continues to hold Hospira common stock as of the date of this Judgment, excluding the Individual Defendants, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which Individual Defendants have or had a controlling interest.

E.    "Person" means an individual, business, or legal entity, including any corporation, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government, or any political subdivision or agency thereof, and their spouses, heirs, predecessors, successors, representatives, or assignees.

F.    "Plaintiffs' Counsel" means (a) Robbins Arroyo LLP and the Paskowitz Law Firm, P.C., as Co-Lead Counsel for the Illinois Action, (b) the firms of Lasky & Rifkind, Ltd. and the Law Offices of Edward T. Joyce & Associates, P.C., as Co-Liaison Counsel for the

- 4 -

Illinois Action; the Grant Law Firm, PLLC, Roy Jacobs & Associates, and the Law Office of Alfred G. Yates, Jr., P.C., as additional counsel in the Illinois Action; and (c) the firms of Schubert, Jonckheer & Kolbe LLP, Shepherd Finkleman Miller & Shah LLP, and Rosenthal, Monhait & Goddess, P.A., as counsel for the Delaware Action.

G. "Released Claims" means any and all claims, demands, rights, remedies or causes of action, whether based on federal, state, local, statutory, common, or foreign law or any other law, rule, regulation, or principle of equity, whether known or unknown, including without limitation Unknown Claims, whether suspected or unsuspected, whether contingent or non-contingent, whether accrued or unaccrued, whether or not concealed or hidden, whether factual or legal, and for any remedy whether at equity or law, that were, could have been, or might have been asserted from the beginning of time through the date of entry of the Final Order and Judgment, by Hospira or any Hospira Shareholder in the Action, any shareholder demand, or in any other forum derivatively on behalf of Hospira, against the Released Parties or any other individual named or unnamed, in connection with, arising out of, related to, based upon, in whole or in part, directly or indirectly, any action or omission or failure to act relating to any of the matters, facts, or events set forth, referenced, or alleged in any pleading or other document filed in the Action; provided however that nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

H. "Released Parties" means the Defendants, including each and all individuals named or who could have been named in the Action, and each and all members of their families, parent entities, affiliates, and subsidiaries and each and all of their respective past or present officers, directors, employees, agents, attorneys, accountants, auditors, insurers, heirs, executors, estates, administrators, predecessors, successors, assigns, and representatives, as well

- 5 -

as any entity in which they have a controlling interest or any trust of which they are the settlor or which is for the benefit of them and/or member(s) of their family.

I.    "Releasing Parties" means the Plaintiffs (individually, and derivatively on behalf of Hospira), Hospira, and every Hospira Shareholder and each and all members of their families, heirs, administrators, predecessors, successors, parent entities, subsidiaries, affiliates, custodians, agents, representatives, executors, assigns, estates, trusts, trustees, trust beneficiaries, and all Persons acting in concert with any of the aforementioned Persons.

J.    "Unknown Claims" means any Released Claims that any Plaintiff (individually, and derivatively on behalf of Hospira), Hospira, or any Hospira Shareholder does not know or suspect to exist in his, her, its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims. The Released Claims constitute an express waiver by the Parties of all rights and protections afforded by California Civil Code section 1542 and all similar federal, state, or foreign laws, rights, rules, or legal principles.  Section 1542 states:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

IT IS SO ORDERED.

DATED: _Jan 23, 2015_

_____
John J. Tharp, Jr.
United States District Judge

- 6 -